# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SCOTT LEROY NICHOLS,

    *Petitioner*,

vs.

JAMES G. COX, *et al.*

    *Respondents*.

2:04-cv-1540-JCM-RJJ

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#14) to dismiss. The motion seeks the dismissal of the search and seizure claims presented in Grounds One through Five of the amended petition (#16) as not cognizable on federal habeas review under *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), because petitioner received a full and fair opportunity to litigate the claims in the state courts.

Under *Stone v. Powell*, a federal habeas petitioner may challenge a state court's failure to exclude evidence on Fourth Amendment grounds only if the petitioner was not provided an adequate opportunity to litigate the search and seizure claim in state court. *See, e.g., Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996); *Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990).

In this case, petitioner accepts and adopts the respondents' recital of the procedural background. #19, at 2. The state court record reflects that petitioner filed a motion to suppress that presented the substance of what would become Grounds One through Five, that the state district court held a suppression hearing and denied the motion to suppress,

1  that petitioner again presented these claims on direct appeal from the conviction, and that the
2  Nevada Supreme Court reviewed and rejected the claims.  #8, Exhs. D & H.
3      Petitioner does not dispute that he received the above-referenced opportunity to litigate
4  his search and seizure claims.  He instead urges that he was denied a full and fair opportunity
5  to litigate the claims because the state courts "failed to uphold federal law" in that the decision
6  of the Supreme Court of Nevada was contrary to or involved an unreasonable application of
7  clearly established federal law and was based upon unreasonable determinations of fact.
8  That is, he contends that he was denied a full and fair opportunity to litigate the search and
9  seizure claims because the Nevada Supreme Court's decision was incorrectly decided, both
10  as to the factual determinations made and the application of federal law to the facts.
11      It is established law, however, that "[t]he relevant inquiry is whether petitioner had the
12  opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was
13  correctly decided."  *E.g., Ortiz-Sandoval*, 81 F.3d at 899.  Petitioner clearly had the
14  opportunity to litigate his claims, and his argument that the *Stone* bar is inapplicable because
15  the state court decision was wrongly decided is wholly unpersuasive under well-established
16  law.  The cases upon which he relies are neither apposite nor to the contrary.
17      IT THEREFORE IS ORDERED that respondents' motion (#12) to dismiss is GRANTED
18  and that Grounds One through Five of the amended petition (#16) hereby are DISMISSED
19  as noncognizable on federal habeas review pursuant to *Stone v. Powell*.
20      IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, the
21  respondents shall respond to the remaining grounds in the amended petition (#16).  Within
22  thirty (30) days of service of the respondents' response, petitioner may file either a reply if an
23  answer is filed or an opposition if a motion to dismiss is filed.
24      DATED this 25th day of September, 2006.

_____
JAMES C. MAHAN
United States District Judge