# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SCOTT LEROY NICHOLS,

    *Petitioner*,

vs.

JAMES G. COX, *et al.*,

    *Respondents*.

2:04-cv-01540-JCM-RJJ

ORDER

This represented habeas action under 28 U.S.C. § 2254 comes before the court on the respondents' motion (#51) to dismiss for lack of complete exhaustion as well as upon the petitioner's motion (#50) for leave to conduct discovery to issue a subpoena for certain records. The respondents have not filed an opposition to the discovery motion, and the motion therefore will be granted pursuant to Local Rule LR 7-2(d). In the motion to dismiss, the respondents contend that the six grounds in the amended petition (#43) are unexhausted in full or in part. Petitioner Scott Leroy Nichols seeks in the amended petition to set aside his 1999 Nevada state court conviction, pursuant to a jury verdict, of two counts of trafficking in a Schedule I controlled substance, to wit, methamphetamine and cocaine.

### *Governing Law*

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts

completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003). The exhaustion requirement accordingly insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

Under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), a mixed petition presenting both exhausted and unexhausted claims must be dismissed without prejudice unless the petitioner dismisses the unexhausted claims or seeks other appropriate relief.

***Discussion***

**Ground 1**

In Ground 1, petitioner alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment when appellate counsel failed to argue on direct appeal that the evidence was insufficient to support his conviction.

Petitioner presented a claim on state post-conviction review of ineffective assistance of appellate counsel for failure to challenge the sufficiency of the evidence. Respondents contend, however, that the claim presented now in the federal amended petition is based upon operative facts that were not argued to the state courts.[1]

The respondents' argument is not without force. Federal habeas counsel undeniably has elaborated upon the specifics of the sufficiency-of-the-evidence challenge that petitioner

---

[1] Compare #47, Ex. 89, at 17-22, and *id.*, Ex. 91, at 7-9, with #43, at 8-11.

1 maintains that appellate counsel should have raised on direct appeal. However, the claim, 2 at its core, remains the same – that appellate counsel should have challenged the conviction 3 based upon the alleged insufficiency of the evidence establishing that Nichols possessed the 4 drugs found several hours after his arrest in a hotel room registered in another name and 5 then-occupied by, possibly, yet another person. Petitioner thus is not seeking on federal 6 habeas review to attack the sufficiency of the evidence supporting an entirely different 7 element of the crime or even the same element based upon an entirely different underlying 8 factual premise. Rather, petitioner continues to maintain that the evidence was insufficient 9 to establish his possession of the drugs found in the room and that his appellate counsel was 10 ineffective for failing to raise the issue on direct appeal. Moreover, certain factual particulars 11 that now are addressed more specifically in the federal amended petition were discussed in 12 the state's opposition brief on the post-conviction appeal, including the presence of 13 petitioner's driver's license in a day-planner in the room.[2]

14 Again, the respondents' argument is not without force, but the court ultimately is 15 persuaded that the claim as presented in the federal amended petition is sufficiently 16 exhausted. To the extent, *arguendo*, that petitioner, as respondents' suggest, might be 17 seeking to present factual particulars that were not contained within in the state trial record, 18 any such extra-record factual particulars in all events would have no bearing on this court's 19 analysis. Any challenge to the sufficiency of the evidence by appellate counsel necessarily 20 would have to have been based on the trial record and inferences that could be drawn 21 therefrom. Thus, for example, the fact that the district attorney allegedly initially declined to 22 prosecute the case due to concerns as to the sufficiency of the evidence, in truth, does not 23 establish that appellate counsel was ineffective for not raising the issue on appeal based 24 upon the evidence presented at trial. Even as an ineffective assistance claim, the underlying 25 basis for the claim necessarily is cabined by the evidence presented at trial.

26 The court accordingly holds that Ground 1 of the amended petition is exhausted.

---

28 [2]#47, Ex. 90, at 9.

*Ground 2*

In Ground 2, Nichols alleges that he was denied rights to a fair trial, due process, trial before an impartial jury, confrontation, and presence at all critical stages of trial when the trial court allegedly mishandled a juror's acknowledgment of contact with a defense witness.

Respondents contend that petitioner did not characterize his claim on direct appeal based upon the underlying facts specifically as federal claims, such that the federal legal theories upon which federal Ground 1 is based were not fairly presented to the state courts.

The court is persuaded that due process and confrontation claims were exhausted by virtue of the Nevada Supreme Court's reliance upon a standard of prejudice derived from federal authorities considering due process and confrontation clause implications of alleged juror misconduct.[3]

The court is not persuaded that the remaining federal legal theories in Ground 2 were exhausted.

Petitioner contends that Ground 2 is excepted from the exhaustion requirement because of "ineffective state corrective process," relying upon 28 U.S.C. § 2254(b)(1)(B). He asserts that an "ineffective state corrective process" occurred in his case because: (a) his appellate counsel was ineffective when he failed to federalize the claim after the Supreme Court of Nevada struck counsel's fast track appeal statement and ordered him to instead file a full brief; and (b) the state supreme court thereafter decided the case without addressing the fact that counsel allegedly had failed to comply with the court's order to fully brief the issue, due to counsel not federalizing the claim.

This court is not to any extent persuaded by this argument.

First, Section 2254(b)(1)(B) does not excuse exhaustion based upon an alleged retrospective error in the prior state proceedings such as is alleged here. Rather, the statute

---

[3] See #46, Ex. 74, at 11, n. 24 (citing *Roever v. State*, 111 Nev. 1052, 1055, 901 P.2d 145, 146 (1995). *Roever* drew its prejudice standard from *Barker v. State*, 95 Nev. 309, 594 P.2d 719 (1979), which applied the standard in light of the confrontation clause and due process implications of juror misconduct. 95 Nev. at 313, 594 P.2d at 721. This is a tenuous basis for exhaustion at best, but the court ultimately is persuaded as to this particular claim.

-4-

allows for the consideration of unexhausted claims if "there is an absence of available State corrective process . . . or . . . circumstances exist that render *such process* ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii)(emphasis added). The statute is addressed to an absence or ineffectiveness of available state corrective process at the time that federal habeas relief is sought. The statute does not excuse exhaustion based upon alleged past defects in past proceedings such as are alleged here. Indeed, this court routinely rejects *pro se* arguments seeking to avoid the exhaustion requirement based upon state court counsel allegedly having been ineffective in failing to raise an issue or because of some alleged past state court error. Such an argument has no basis in federal law.[4]

Second, appellate counsel in any event was not required to federalize petitioner's appeal claims by the state supreme court's order to file a full brief rather than a fast track statement. The full briefing requirement had nothing to with whether petitioner federalized his direct appeal claims. He could assert a federal claim without filing a full brief and vice-versa. The state high court was under no obligation to determine whether counsel had federalized petitioner's claims prior to deciding the appeal. This argument is fallacious and ultimately turns upon little more than a play on words, *i.e.*, that "full" briefing required counsel to "fully" assert all federal and state claims that might possibly be presented.

---

[4] The specified pages in the federal habeas treatise cited by petitioner – which discuss absence of corrective process rather than ineffective state corrective process – tend to refute, rather than support, his argument as to the application of Section 2254(b)(1)(B). The treatise clearly states that "[t]he 'absence of available corrective process' exception applies if, *at the time the petitioner files the federal petition*, there is no available state procedure by which she can secure review of the relevant claim." 2 R. Hertz and J. Liebman, *Federal Habeas Corpus Practice and Procedure* § 23.4, at 1093-95 (5th ed. 2005)(emphasis in original).

Nichols does not argue that there now is an absence of available state court corrective process. The standards for excusing a procedural default in Nevada -- based upon cause and prejudice or a fundamental miscarriage of justice -- are virtually identical to those in federal court. When petitioners have made the argument, not made here, that a claim would be procedurally barred upon a return to state court, this court accordingly has rejected claims that exhaustion should be excused based upon the assertion that the state courts would find the claim procedurally barred unless the federal petitioner unequivocally stipulates, *inter alia*, that he cannot demonstrate cause and prejudice or a fundamental miscarriage of justice if he returns to state court. *See, e.g., Perrion Piper v. Dwight Neven*, 2:06-cv-01221-RCJ-GWF, at 5-6 & 7-8 (D.Nev., Nov. 21, 2007). The court emphasizes, again, however, that Nichols makes no such argument in this case. He instead seeks to excuse exhaustion based upon alleged defects in prior proceedings, not based upon an absence of available state process prospectively. Indeed, he requests an opportunity to consider a request to return to state court to exhaust his claims if his opposition arguments are rejected. #55, at 18-19.

The court therefore is not persuaded, to any extent, by this argument.

The court accordingly holds that Ground 2 is exhausted only as to claims based upon rights to due process and confrontation but that the ground is not exhausted as to claims based upon a denial of rights to a fair trial, trial before an impartial jury, and presence at all critical stages of trial.

*Ground 3*

Petitioner makes the same argument of ineffective state corrective process as to Ground 3 that the court has rejected above as to Ground 2. This ground is unexhausted.

*Ground 4*

In Ground 4, petitioner alleges that he was denied rights to a fair trial, due process, and to present a defense in violation of the Fifth and Fourteenth Amendments when the trial court did not admit Shawna Wilder's written statement into evidence.

On direct appeal, petitioner presented the following claim:

> ISSUE TEN:  Whether the court erred in suppressing the exculpatory letter wherein the co-defendant Wilder incriminated herself.
>
> Wilder's letter should have been admissible under NRS 51.345. See, e.g., Franco v. State, 109 Nev. 1229, 866 P.2d 247 (1993).  This, too [referencing the prior nine claims] merits reversal.

#46, Ex. 72, at 14.

Petitioner urges that, despite the absence of any assertion of a federal claim within the foregoing, he nonetheless exhausted a federal claim because the *Franco* case cited above also applied the Confrontation Clause of the Sixth Amendment. He then maintains that, because the right to present a defense has both Fifth and Sixth Amendment underpinnings, the citation to *Franco* therefore exhausted a Sixth Amendment claim of a denial of a right to present a defense. However, petitioner did not assert any Sixth Amendment claim in Ground 4. He accordingly requests – without filing a motion for leave – the opportunity to amend the ground to add a Sixth Amendment claim.

////

Even under the petitioner's exhaustion argument, none of the federal claims in Ground 4 in the pleadings presently before the court have been exhausted. Even if, *arguendo*, petitioner properly may seek to amend the petition in the manner described above, no Sixth Amendment claim of a denial of a right to present a defense was exhausted by the citation to *Franco*. The *Franco* decision had nothing to do with a claim of denial of a right to present a defense – under any constitutional amendment. What the state supreme court held in that case was that the *admission* of evidence *for the prosecution* was improper because it was inadmissible hearsay and violated the defendant's confrontation rights. *Franco*, 109 Nev. at 1236-37, 866 P.2d at 252. *Franco* had nothing remotely to do with the right to present a defense or the exclusion of defense evidence. Thus, even if, *arguendo*, the court were presented with a procedurally proper request for leave to amend, any such request is denied due to the futility of an amendment seeking to add this clearly unexhausted claim.

Petitioner further seeks to excuse the exhaustion requirement as to Ground 4 based upon the same argument of ineffective state corrective process that the court rejected above as to Ground 2.

Ground 4 is unexhausted.

**Ground 5**

In Ground 5, Nichols alleges that he was denied effective assistance of counsel when the state trial court failed to inquire as to whether an actual conflict existed between Nichols and his counsel. On the date scheduled for his sentencing, petitioner filed motions requesting that his counsel be removed and the sentencing be postponed. He sought removal of his counsel because of alleged deficiencies in counsel's performance leading up to and during the trial and further because counsel allegedly had not communicated sufficiently with petitioner. The state district court denied the motions and proceeded with the sentencing.

Petitioner acknowledges that this claim was not presented to the state courts through to the Supreme Court of Nevada.

Petitioner instead contends that Ground 5 should be excepted from the exhaustion requirement due to ineffective state corrective process, on a variation of the argument that

he advanced on Ground 2. On Ground 5, petitioner asserts that the state district court informed him that the claim was one that would be raised in a post-conviction petition after an appeal. He maintains that the state district court was incorrect because, according to petitioner's argument, such a claim was reviewable on direct appeal under Nevada case law. He maintains that he was obstructed from raising the issue on direct appeal by this allegedly erroneous advice. He maintains that exhaustion is excused by this ineffective state corrective process under 28 U.S.C. § 2254(b)(1)(B)(ii), which provides for the consideration of unexhausted claims when "circumstances exist that render such process ineffective to protect the rights of the applicant." He relies upon federal case law suggesting that this exception applies when the state courts or some state official led the petitioner to believe that no remedy existed.

The fundamental flaw in this argument is that petitioner never pursued the post-conviction avenue indicated by the state trial court only then to be prevented from pursuing the claim on the basis that the claim should have been raised on direct appeal. Petitioner was not led to believe that no remedy existed. He instead completely failed to pursue the claim thereafter through any remedy, including the one identified by the state district court. He did not assert the claim until some eight years later on federal habeas review.[5] While the state district court's allegedly erroneous advice,[6] perhaps, might have supported an argument as to why petitioner did not pursue the issue on the represented direct appeal, it provides no explanation as to why petitioner did not – and cannot – pursue the claim in a state post-

---

[5] The court notes that the claim also is subject to substantial relation-back and time-bar issues.

[6] Petitioner's premise that the state court was incorrect is not conclusively established. He relies upon cases regarding motions to dismiss counsel "made considerably in advance of trial." *E.g., Garcia v. State*, 121 Nev. 327, 336, 113 P.3d 836, 842 (2005). His motion, in contrast, was filed after the trial already had been completed, and the motion looked back to alleged deficiencies pertaining to counsel's pre-trial and trial performance. The state district court very well could have been correct that such matters were more appropriate to a post-conviction petition rather than the original criminal proceedings, given that the trial already had been completed. Petitioner, however, who was represented throughout the state criminal and post-conviction proceedings by counsel, did not thereafter pursue the denial of the motion to dismiss, or any related claim of ineffective assistance of appellate counsel, through any procedure in the state courts, instead seeking to revive the issue for the first time eight years later in federal court.

conviction petition and, if necessary, argue cause and prejudice based upon, *inter alia*, the state court's advice. The court notes that the represented state petition was filed by retained counsel who was different from trial and appellate counsel. See also, note 4, *supra*.

Moreover, the federal authorities petitioner relied upon by petitioner do not establish a basis for excusing the exhaustion requirement on the circumstances presented in this case. The authorities all involve situations that did not occur here. The authorities involve situations where state officials led the petitioner to believe that no remedy existed, interfered with the petitioner's utilization of state remedies, or told the petitioner that denial of a state petition was unappealable. As noted above, petitioner – who was represented both on direct appeal and, by different retained counsel, on state post-conviction review – was never told by state authorities that no remedy existed. Nor did state officials interfere with his utilization of state remedies or tell the – represented – petitioner that he could not appeal the denial of state post-conviction relief, which he in fact did. In short, absolutely nothing stood in the way of the petitioner – and his counsel – from pursuing the claim. Attorneys of course regularly pursue claims and appeal issues that district level courts tell them that they cannot pursue or cannot appeal. The suggestion that a represented petitioner would be "obstructed" from pursuing a claim by an allegedly erroneous statement by a state trial court simply defies reason. The federal authorities relied upon by petitioner thus are wholly distinguishable.[7]

The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. After the denial of his motions at the sentencing, petitioner never

---

[7] In *Mayberry v. Petsock*, 821 F.2d 179 (3d Cir. 1987), the petitioner alleged that prison officials held him *incommunicado* from his attorney and stole his records and files while transferring him from one solitary confinement cell to another all over the state. 821 F.2d at 184-85. Obviously, nothing of the sort is alleged to have occurred in Nichols' case, and he was represented by counsel both on direct appeal and on state post-conviction review. In the 37-year-old district court decision in *Willard v. Harris*, 336 F.Supp. 1228 (D. Kan. 1971), the state court clerk advised the *pro se* petitioner that his state petition was unappealable. 336 F.Supp. at 1230. Nichols was not told that he could not appeal the denial of state post-conviction relief. Moreover, and in all events, Nichols was represented by counsel. The remaining authorities from the treatise relied upon by petitioner similarly are inapposite to this case. " *See* 2 R. Hertz and J. Liebman, *Federal Habeas Corpus Practice and Procedure* § 23.4, at 1097 n.13 (5th ed. 2005)(emphasis in original).

gave the state courts an opportunity to address the alleged constitutional violation, through any remedy.

Ground 5 is unexhausted.

**Ground 6**

Petitioner makes the same argument of ineffective state corrective process as to Ground 6 that the court has rejected above as to Ground 2.

Ground 6 is unexhausted.

IT THEREFORE IS ORDERED that respondents' motion (#51) to dismiss is GRANTED IN PART and DENIED IN PART, as per the remaining provisions of this order, on the basis that the following claims or allegations are unexhausted:

    (a)    Ground 2, to the extent based upon an alleged denial of rights to a fair trial, trial before an impartial jury, and presence at all critical stages of trial, but not to the extent that the claim is based upon rights to due process or confrontation; and

    (b)    Grounds 3, 4, 5 and 6.

IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from entry of this order within which to file a motion for dismissal without prejudice of the petition, for partial dismissal only of the unexhausted claims, and/or for other appropriate relief. Any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within ten (10) days thereafter, a signed declaration by the petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the court. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the required verification is not timely filed.

IT FURTHER IS ORDERED, pursuant to Local Rule LR 7-2(d), that petitioner's motion (#50) for leave to conduct discovery is GRANTED, such that petitioner may cause a subpoena to be issued and served for the discovery identified in the motion.

1  The court reiterates its intention to conclude all proceedings herein no later than September 30, 2008. Accordingly, any requests to extend deadlines in this matter based upon conflicting time commitments in other federal cases should be made based only upon time commitments in higher courts and/or in cases in this court that were filed prior to this matter. That is, extensions of time should be sought in the later-filed case to the extent possible.

DATED: May 14, 2008.

_____
JAMES C. MAHAN
United States District Judge