# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SCOTT LEROY NICHOLS,

    *Petitioner*,

vs.

JAMES G. COX, *et al.*

    *Respondents*.

2:04-cv-01540-JCM-CWH

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the court for initial review of the second amended petition (#62) as well as on petitioner's motion (#64) for partial dismissal, which is not opposed (#66).

On screening review, it does not appear that petitioner has filed a verification to the second amended petition as indicated in footnote 2 of the pleading. The defect is not a substantial one given that the second amended petition in the main carries forward the same operative allegations as the verified first amended petition. The court will set a deadline for the filing of the verification, but it sees no need to delay the preparation of a response while petitioner is filing a verification. The court, therefore, will set a response deadline for respondents contingent upon a verification being filed in the interim.

IT THEREFORE IS ORDERED that, within **thirty (30)** days of entry of this order, petitioner shall file a verification of the second amended petition.

IT FURTHER IS ORDERED that, contingent upon petitioner complying with the preceding paragraph in the interim, respondents shall have **sixty (60)** days from entry of this order within which to answer, or otherwise respond to, the amended petition, including by

1  motion to dismiss.  **Any response filed shall comply with the remaining provisions below,**
2  **which are tailored to this particular case based upon the court's screening of the**
3  **amended petition and which are entered pursuant to Habeas Rule 4**.

4  IT FURTHER IS ORDERED that, if respondents seek to raise any procedural default
5  defense and/or any remaining exhaustion issues, respondents shall do so in the initial
6  response filed following this order, in a motion to dismiss.  Respondents may – but are not
7  required to – pursue any other procedural defenses to be raised in the same motion to
8  dismiss, such that respondents instead may defer other procedural defenses to a later motion
9  to dismiss. However, respondents shall not consolidate their procedural defenses, if any, with
10 their response on the merits in a response presenting both procedural defenses and
11 responses on the merits.  In short, the court is seeking to resolve any procedural default and
12 remaining exhaustion issues, if any, that are presented prior to addressing other issues in the
13 case.

14 IT FURTHER IS ORDERED that petitioner shall have **thirty (30)** days from service of
15 the answer, motion to dismiss, or other response to file a reply or opposition.

16 IT FURTHER IS ORDERED that the court's prior order (#48, at 2) regarding the
17 manner of filing of any further exhibits remains in effect.  **The hard copy of any further**
18 **exhibits filed by either counsel shall be delivered -- for this case -- to the clerk's office**
19 **in Las Vegas.**

20 IT FURTHER IS ORDERED that petitioner's motion (#64) for partial dismissal is
21 GRANTED, such that ground 2 is DISMISSED to the extent that the ground is based upon
22 an alleged denial of rights to a fair trial, trial before an impartial jury, and presence at all
23 critical stages of trial, but not to the extent that the ground is based upon rights to due process
24 or confrontation.

25 DATED: February 14, 2012.

_____
JAMES C. MAHAN
United States District Judge