UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SCOTT LEROY NICHOLS,

    *Petitioner*,

vs.

JAMES G. COX, *et al.*

    *Respondents*.

2:04-cv-01540-JCM-CWH

ORDER

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by Scott Leroy Nichols, a Nevada prisoner represented by counsel. Presently before the court is respondents James G. Cox, *et al.*'s motion to dismiss grounds three, four, five and six of the second amended petition based on procedural default. (Doc. # 70). Petitioner responded (doc. # 72), and respondents replied (doc. # 74).

**I.    Procedural history**

On October 26, 1999, a judgment of conviction was entered, pursuant to a jury verdict, finding petitioner guilty of guilty of two counts of trafficking in a schedule I controlled substance. (Ex. 55).[1] Petitioner was sentenced to a term of life with the possibility of parole after 20 years. (*Id.*)

On October 27, 1999, petitioner filed a direct appeal. (Ex. 57). On February 7, 2001, the Nevada Supreme Court issued its order of affirmance. (Ex.74). Remittitur issued on March 6, 2001. (Ex. 76).

Petitioner retained an attorney, Andrew M. Leavitt, to represent him on post-conviction. On February 1, 2002, Leavitt filed a petition for habeas corpus (post-conviction). On July 31, 2003, the district court denied the petition for post-conviction writ of habeas corpus. (Ex. 86).

---

[1] The exhibits referenced in this order are found on the court's record at docket # 44, 45, 46, 47, and 63.

On September 25, 2003, Leavitt filed a notice of appeal. (Ex. 88). On September 15, 2004, the Nevada Supreme Court issued its order of affirmance. (Ex. 92). Remittitur issued on October 12, 2004. (Ex. 93).

On November 8, 2004, and August 31, 2005, petitioner file *pro se* petitions for writ of habeas corpus with this court pursuant to 28 U.S.C. § 2254. (Docs. # 1, 16). Following appointment of a federal public defender (doc. # 25), the first amended petition was filed (doc. # 43). Respondents moved to dismiss the first amended petition asserting that each ground was unexhausted. (Doc. # 51). The court granted in part and denied in part the motion to dismiss, finding ground two partially unexhausted and grounds three through six unexhausted. (Doc. # 56). Petitioner then moved for a stay so he could return to state court to exhaust such claims (doc. # 57), which the court granted (doc. # 59).

Petitioner returned to state court, filing a habeas petition on August 28, 2008. (Ex. 105). On June 9, 2009, the state district court denied the petition. (Ex. 115). Petitioner appealed and on November 8, 2010, the Nevada Supreme Court affirmed the dismissal of the petition on grounds that it was untimely filed, successive, an abuse of the writ, and that petitioner failed to show good cause and actual prejudice. (Ex. 123).

On June 23, 2011, petitioner filed his second amended petition. In his second amended federal petition, petitioner raises six grounds:

> 1. Nichols was denied his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution when counsel failed to argue on appeal that there was insufficient evidence to find Nichols guilty of the crimes charged;
>
> 2. The trial court's mishandling of a juror's acknowledgment of multiple contact with a key defense witness denied Nichols his rights under the Fifth, Sixth, and Fourteenth Amendment to the United States Constitution to due process of law and confrontation;
>
> 3. In rejecting Nichols' lesser included/related offense instructions, the trial court denied him his right to present a defense as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution;
>
> 4. Exclusion of Shawna Wilder's written statement from the trial evidence denied Nichols his rights to a fair trial and his right to present a defense as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution;
>
> 5. Based on the record before it, the trial court's failure to inquire as to whether an actual conflict existed between Nichols and his attorney denied Nichols his right under the Sixth and Fourteenth Amendments to the United States Constitution to the effective assistance of counsel;

> 6. In rejecting Nichols' proposed instruction as to the proper way for weighing methamphetamine, the trial court denied him his right to present a defense as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

(Doc. # 62).

**II.    Discussion**

Respondents argue that grounds three through six of the second amended petition were procedurally defaulted in state court and should be dismissed from this federal habeas action.

**A.    Procedural default principles**

Generally, in order for a federal court to review a habeas corpus claim, the claim must be both exhausted and not procedurally barred. *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner*, 328 F.3d at 1046.

A court's decision is not "independent" if the application of a state's default rule depends on a consideration of federal law. *Vang v. Nevada*, 329 F.3d 1069, 1074-75 (9th Cir. 2003). In order for a state procedural rule to be "adequate" to support the state court judgment, the state rule must be clear, consistently applied, and well established at the time of the petitioner's purported default. *See, e.g.*, *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005). A state procedural law is adequate if the state courts follow the rule "in the vast majority of cases" during the relevant time. *Dugger v. Adams*, 489 U.S. 401, 410 n.6 (1989); *Moran v. McDaniel*, 80 F.3d 1261, 1270 (9th Cir. 1996).

. . .

In *Bennett v. Mueller*, 322 F.3d 573 (9th Cir. 2003), the Ninth Circuit established a burden-shifting analysis for determining whether a state procedural rule constitutes an adequate state law ground for purposes of the federal default doctrine. Under *Bennett*, the state has the ultimate burden of proving the adequacy of the state procedural bar. However, the petitioner initially must come forward with case law allegedly demonstrating inconsistent application of the rule. *Id.* at 586 (holding that "[o]nce the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.").

To overcome a procedural default, a petitioner must establish either (1) "cause for the default and prejudice attributable thereto," or (2) "that failure to consider [his defaulted] claim[s] will result in a fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (citations omitted). Petitioner also must show prejudice to excuse the procedural default. The prejudice that is required as part of the showing of cause and prejudice to overcome a procedural default is "actual harm resulting from the alleged error." *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998); *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir.1984).

"Cause" to excuse a procedural default exists if a petitioner can demonstrate that some objective factor external to the defense impeded the petitioner's efforts to comply with the state procedural rule. *Coleman*, 501 U.S. at 755; Murray, 477 U.S. at 488; *Vickers*, 144 F.3d at 617. Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Id.* at 488–89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

. . .

. . .

. . .

With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir.1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

In addition, a petitioner can avoid the application of the procedural default doctrine by demonstrating that the federal court's failure to consider his claims will result in a fundamental miscarriage of justice. To prove a "fundamental miscarriage of justice," petitioner must show that the constitutional error of which he complains "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Murray*, 477 U.S. at 496). "Actual innocence" is established when, in light of all of the evidence, "it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner can make a showing of "actual innocence" by presenting the court with new evidence which raises a sufficient doubt as "to undermine confidence in the result of the trial." *Schlup*, 513 U.S. at 324.

**B.      Grounds three through six were procedurally defaulted in state court on independent and adequate state grounds**

The Nevada Supreme Court dismissed the federal claims in grounds three through six because they were untimely filed under NRS 34.726(1), successive and an abuse of the writ under NRS 34.810(2) and (1)(b)(2), and barred by the doctrine of laches under NRS 34.800(2). (Ex. 123). The Nevada Supreme Court found that petitioner failed to demonstrate good cause and prejudice to excuse the procedural default. (*Id.*)

Under NRS 34.726(1), a petition is untimely if filed later than one year after the entry of the judgment of conviction or, if an appeal has been taken from the judgment, within one year after the Nevada Supreme Court issues its remittitur. Under NRS 34.810(2), a second or successive petition must

be dismissed if the judge or justice determines that it fails to allege new or different grounds for relief and that the prior determination was on the merits or, if new and different grounds are alleged, the judge or justice finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ. Under 34.810(1)(b)(2), a petition must be dismissed if the petitioner's petition was the result of a trial and the grounds for the petition could have been raised in a prior habeas petition. NRS 34.800 is a statutory laches rule imposing a rebuttable presumption that prejudice to the state sufficient to warrant dismissal exists if a petition is filed more than five years after the conclusion of direct appeal.

The Ninth Circuit has held the application of NRS 34.726 and NRS 34.800 to be independent and adequate grounds for procedural default. *Moran*, 80 F.3d at 1268-70; *Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002); *Ybarra v. McDaniel*, 656 F.3d 984, 990 (9th Cir. 2011); *Loveland v. Hatcher*, 231 F.3d 640, 643 (9th Cir. 2000). The Ninth Circuit also has held that, at least in non-capital cases, application of the procedural bar in NRS 34.810 is an independent and adequate state ground. *Vang*, 329 F.3d at 1073-75; *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

Grounds three through six of the second amended federal habeas petition were procedurally defaulted in state court on adequate and independent state grounds, specifically, the procedural bars of NRS 34.726(1), NRS 34.810(2) and (1)(b)(2), and NRS 34.800(2).

**C.      Deferral of cause and prejudice/fundamental miscarriage of justice analysis in the instant case**

The court's next inquiry is whether there is reason to overcome the procedural default of grounds three through six. Petitioner asserts that there is cause and prejudice to excuse the procedural default. Petitioner also asserts that this court's failure to consider his habeas ground will result in a fundamental miscarriage of justice. Respondents present arguments to the contrary in their reply brief.

The court has determined that the analysis of cause and prejudice arguments and fundamental miscarriage of justice issues in this case is closely related to the analysis on the merits of the case; therefore, the court will defer ruling on the cause and prejudice issue until the merits are fully briefed. The issue of procedural default shall be addressed in respondents' answer and petitioner's reply brief.

**III. Conclusion**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that respondents' motion to dismiss (doc. # 70) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that respondents SHALL FILE an answer to the second amended petition within thirty days (30) days from entry of this order. The answer shall include substantive arguments on the merits as to each ground in the petition, as well as any procedural defenses which may be applicable. In filing the answer, respondents shall comply with the requirements of Rule 5 under 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that petitioner may file a reply to the answer no later than thirty (30) days after being served with the answer.

DATED March 26, 2013.

_____
UNITED STATES DISTRICT JUDGE